## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FERRIS & SALTER, P.C.,

|  | CASE NO. _____ |
|---|---|

       Plaintiff,

v.

HON. _____

THOMSON REUTERS CORPORATION,
d/b/a FINDLAW,

<u>**NOTICE OF REMOVAL**</u>

       Defendant.

Removal of attached case filed in Washtenaw
County Circuit Court, State of Michigan
Case No. 11-478 NO
Hon. Donald E. Shelton

_____/

| Don Ferris (P26436) | Mark T. Boonstra (P36046) |
|---|---|
| Ferris & Salter, P.C. | MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. |
| Attorney for Plaintiff | |
| 4158 Washtenaw Avenue | Attorneys for Defendant |
| Ann Arbor, Michigan 48108 | 101 N. Main Street, 7th Floor |
| (734) 677-2020 | Ann Arbor, MI 48104 |
| | (734) 663-2445 |
| | boonstra@millercanfield.com |

_____/

<u>**NOTICE OF REMOVAL**</u>

| TO: | Clerk of the Court | Don Ferris (P26436) |
|---|---|---|
| | United States District Court | Ferris & Salter, P.C. |
| | Eastern District of Michigan, Southern | Attorney for Plaintiff |
| | Division | 4158 Washtenaw Avenue |
| | 200 E. Liberty Street, Room 120 | Ann Arbor, Michigan 48108 |
| | Ann Arbor, MI 48104 | |

Defendant Thomson Reuters Corporation, d/b/a FindLaw removes this action from the

Washtenaw County Circuit Court, State of Michigan, to the United States District Court for the

Eastern District of Michigan. The legal and factual bases for this removal are as follows:

1.  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

2.  The Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 because:

    a.  The controversy is between citizens of different States and/or between citizens of a State and citizens of a foreign state; and

    b.  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

The basis for original jurisdiction under 28 U.S.C. § 1332 is further explained below.

3.  Plaintiff is a Michigan professional corporation with its principal place of business located at 4158 Washtenaw Avenue, Ann Arbor, Michigan 48108. Plaintiff thus is a citizen of the State of Michigan.

4.  Thomson Reuters Corporation is a corporation organized and existing under the laws of Canada with its principal place of business located at 3 Times Square, New York, New York 10036.

5.  FindLaw is the brand name for a website product offered by West Publishing Corporation. Plaintiff incorrectly identifies FindLaw as part of the Thomson Reuters Business of Law group, which is an unknown entity. West Publishing Corporation is indirectly owned by Thomson Reuters Corporation.

6.  West Publishing Corporation transacts business as West, a Thomson Reuters business. West Publishing Corporation is a Minnesota corporation with a principal place of business located at 610 Opperman Drive, Eagan, Minnesota 55123.

7.     Plaintiff contracted with West Publishing Corporation in relation to the services identified in Plaintiff's Complaint as "FindLaw".

8.     This case thus presents a controversy between citizens of different States and/or between citizens of a State and citizens of a foreign state.

9.     The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  In addition to containing an *ad damnum* clause that (as is required in the Michigan courts) merely seeks damages "over Twenty Five Thousand Dollars ($25,000)," Plaintiff's Complaint expressly alleges that "[a]s a direct and proximate result of Defendant's employees' and agents' negligence … Plaintiff … lost *hundreds of thousands of dollars* …" (Complaint, ¶ 19) (emph. add.), and Plaintiff seeks to recover those alleged damages.  By Plaintiff's own express description, therefore, the amount in controversy exceeds the $75,000 jurisdictional threshold of this Court.

10.     This action is currently pending in the Washtenaw County Circuit Court, State of Michigan, which court is located in a county within the United States judicial district for the Eastern District of Michigan.  Accordingly, this action is properly removed to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1441(a).

11.     This Notice of Removal has been filed in a timely manner pursuant to  28 U.S.C. § 1446(b) because it is filed within thirty (30) days after Defendant first received, through service or otherwise, a copy of the initial pleading setting forth Plaintiff's purported claim for relief.  Defendant first received a copy of that pleading, at the earliest, when a copy of the summons and complaint was delivered to it, by certified mail, on May 10, 2011.

12.     All process, pleadings, and orders that have been served upon Defendant are attached as Exhibit A to this Notice as required by 28 U.S.C. § 1446(a).

13.      As required by 28 U.S.C. § 1446(d), Defendant has given Plaintiff written notice of removal, and have filed a copy of this Notice with the Clerk of the Washtenaw County Circuit Court, State of Michigan.

WHEREFORE, Defendant requests that this action proceed in the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:  ___s/Mark T. Boonstra_____
Mark T. Boonstra (P36046)
Attorneys for Defendant
101 N. Main Street, 7th Floor
Ann Arbor, MI  48104
(734) 663-2445
boonstra@millercanfield.com

Dated:  June 6, 2011

19,124,516.1\088888-00312

4

### STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

**FERRIS & SALTER, P.C.**

        **Plaintiffs,**

v.

                              # Donald E. Shelton

                            **Honorable**
                            **File No. 11-** *47R* **-NO**

**THOMSON REUTERS CORPORATION, d/b/a**
    **FINDLAW.**

        **Defendants.**

**Don Ferris P26436**
**Ferris & Salter, P.C.**
**Attorney for Plaintiffs**
**4158 Washtenaw Avenue**
**Ann Arbor, MI 48108**
**734/677-2020**
_____/

### COMPLAINT

    Plaintiff FERRIS & SALTER, P.C., by and through their attorneys Ferris & Salter, P.C., says:

### COMMON ALLEGATIONS

    1.  Plaintiff is a law firm, and Michigan professional corporation located in Washtenaw County, Michigan.

    2.  Plaintiff's partners and principals are Don Ferris and Heidi Salter-Ferris.

    3.  Plaintiff specializes in the practice of plaintiff's personal injury law, medical malpractice, wrongful death, automobile negligence, birth trauma, premises liability, legal malpractice, and criminal defense – both state and federal.

1

4. Defendant Thomson Reuters is a corporation located at 3 Times Square, New York, New York. FindLaw is part of the Thomson Reuters Business of Law group.

5. Part of FindLaw's business is to provide professional services calling for specialized skill and knowledge in designing, re-designing, and hosting websites for law firms.

6. Defendant regularly does business in Washtenaw County, having an office in Washtenaw County since 1979. Its current office is located at 777. E. Eisenhower Parkway, Ann Arbor 48108 and has approximately 1800 employees at its Washtenaw County Office.

7. The amount in controversy exceeds $25,000, exclusive of interest, costs, and attorneys fees.

## COUNT I--PROFESSIONAL NEGLIGENCE

8. Paragraphs 1 through 7 are incorporated by reference.

9. For many years prior to 2008, Plaintiff had a website, Ferris-Salter.com, with an inquiry section for clients to send e-mail/inquiries to Don Ferris and Heidi Salter-Ferris concerning plaintiff's personal injury claims.

10. From its website, Plaintiff received hundreds of inquiries each year, resulting in numerous meritorious cases being filed, and successfully litigated, with hundreds of thousands of dollars in attorneys fees being generated for Plaintiff and its principals..

11. During this same period prior to 2008, Plaintiff paid thousands of dollars to web-based services which specialized in directing cases to its subscribing law firms. Among these services were medicalmalpractice.com, lawyers.com, druglitigationlawyers.com, ExpertHub.com, Lawfirms.com, and LeadManager@SWIDigital.com.

2

12. These services directed hundreds of e-mail inquiries to Plaintiff's website each year, resulting in numerous meritorious cases being filed, and successfully litigated, with hundreds of thousands of dollars in attorneys fees being generated for Plaintiff and its principals.

13. In November, 2008, Plaintiff hired Defendant to provide  professional services to optimize Plaintiff's website, and to host its website.

14. In performing these services, in November, 2008, Defendant's professional and technical employees and agents negligently destroyed the previous connection/link between Plaintiff's web-site inquiry section and Plaintiff's e-mails, which was in existence before Plaintiff hired Defendant.

15. Defendant did not repair the connection/link until February, 2010.

16. Defendant has admitted in writing to negligently causing this error.

17. As a direct and proximate result of Defendant's employees' and agents' negligence in destroying the website-email connection/link for over 15 months, Plaintiff failed to receive approximately 730 case inquires from Plaintiff's inquiry section in its website, and inquires from medicalmalpractice.com, lawyers.com, druglitigationlawyers.com, ExpertHub.com, Lawfirms.com, and LeadManager@SWIDigital.com.

18. During this 15 month period, Plaintiff paid the previously listed services thousands of dollars for the case inquiries/leads which Plaintiff never received because of Defendant's agents' negligence.

19.  As a direct and proximate result of Defendant's employees' and agents' negligence in destroying the connection/link for over 15 months, Plaintiff lost numerous clients with meritorious cases, and lost hundreds of thousands of dollars in attorney's fees.

WHEREFORE, Plaintiff demands judgment in whatever amount it is found to be entitled over Twenty Five Thousand Dollars ($25,000), plus costs, interest, and attorneys fees.

Dated: May 1, 2011

DON FERRIS P26436
FERRIS & SALTER, P.C.
Attorney for Plaintiffs
4158 Washtenaw Ave.
Ann Arbor, MI 48108
313/677-2020

4

Donald E. Shelton
EXHIBIT A

| Original - Court | 1st copy - Defendant | 2nd copy - Plaintiff | 3rd copy - Return |
|---|---|---|---|

| STATE OF MICHIGAN | | |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS AND COMPLAINT** | CASE NO. |
| **22nd   JUDICIAL CIRCUIT** | | 11-478    NO |

Court Address

County Building, 101 E. Huron, P.O. Box 8645, Ann Arbor, MI 48107-8645

Court telephone no.
(734) 222-3383

| Plaintiff name(s), address(es) and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| **FERRIS & SALTER, P.C.** | | Thomson Reuters Corporation, d/b/a Findlaw |
| | V | Resident Agent: CSC-Lawyers Incorporating Service |
| Plaintiff attorney, bar no., address, and telephone no. | | 601 Abbott Road |
| Don Ferris (P26436) | | East Lansing, MI 48823 |
| Ferris & Salter, P.C. | | |
| 4158 Washtenaw Ave. | | |
| Ann Arbor, MI 48108 | | |
| (734) 677-2020 | | |

**NOTICE TO THE DEFENDANT:**  In the name of the people of the State of Michigan, you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons AUG - 3 2011 | Court clerk |
|---|---|---|

This summons is invalid unless served on or before its expiration date.

_x_   There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.

____   A civil action between these parties or other parties arising out of the transaction or occurrence as alleged in the complaint has been previously filed in _____.

____   There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

____   An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____.

The docket number and assigned judge of the civil/domestic relations action is:

| Docket no. | Judge: | Bar no. |
|---|---|---|

The civil/domestic relations action ____ remains ____ is no longer ____ pending.

| **VENUE** | |
|---|---|
| Plaintiff residence (include city, township, or village) | Defendant residence (include city, township, or village) |
| Washtenaw County, MI | New York, New York |
| Place where action arose or business conducted | |
| Washtenaw County, Michigan | |

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

5/1/11
Date

Signature of attorney.

**COMPLAINT IS STATED ON ATTACHED PAGES.  EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

MC 01 (10/97) SUMMONS AND COMPLAINT  **MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)**

**EXHIBIT A**

**PROOF OF SERVICE**

| SUMMONS AND COMPLAINT |
| --- |
| Case No. |

**TO PROCESS SERVER:** You are to serve this affidavit and claim no later than 7 days before the hearing date. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

| ___ OFFICER CERTIFICATE | OR | ___ AFFIDAVIT OF PROCESS SERVER |
| --- | --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: **(notary not required)** | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: **(notary required)** |

___ I served personally a copy of the affidavit and claim, together with _____

Attachment(s)

    upon the defendants:

___ I served by registered or certified mail **(copy of return receipt attached)** a copy of the affidavit and claim, together with _____ on the defendant(s):

Attachment(s)

| Name(s) | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
|  |  |  |
|  |  |  |

___ After diligent search and inquiry, I have been unable to find and serve the following defendant(s): _____

___ I have made the following efforts in attempting to serve process: _____

___ I have personally attempted to serve the affidavit and claim, together with _____ _____ at _____ and have been unable to complete service because the address was incorrect at the time of filing.

| Service fee | Miles Traveled | Mileage fee | Total fee | |
| --- | --- | --- | --- | --- |
| $ | | $ | $ | |

_____

Signature

Subscribed and sworn to before me on the ___ day of _____, _____ County, Michigan.

Title

My commission expires: _____ Signature: _____

Date                          Deputy court clerk/Notary public

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the affidavit and claim, together with: _____

Attachment(s)

_____ on _____.

Day, date, time

_____ on behalf of _____

Signature

MCR 2.105



FERRIS & SALTER, P.C.
ATTORNEYS AT LAW
4158 WASHTENAW AVENUE
ANN ARBOR, MI 48108

7010 0780 0001 3093 1293

UNITED STATES POSTAGE
153
3736   $ 10.290
6682   MAILED FROM ANN ARBOR MI   48105

PB8614583

Thomson Reuters Corporation, d/b/a Findlaw
Resident Agent: CSC-Lawyers Incorporating Services
601 Abbott Road
East Lansing, MI 48823